PER CURIAM.
We reluctantly affirm the final order of the Agency for Health Care Administration that denied payment on five claims Neonatology Associates, P.A., submitted to the Medicaid program.
The physicians at Neonatology Associates provided services worth approximately $50,-000 to five low-birth-weight babies at the Regional Perinatal Intensive Care Center (RPICC) located at All Children’s Hospital in Pinellas County. See generally §§ 383.15-.21, Fla. Stat. (1995) (authorizing establishment of RPICCs and providing for standards and funding); Fla. Admin. Code R.10J-7 (defining terms and standards for RPICCs). There is no question that in these five cases Neonatology Associates provided necessary services and that their charges were reasonable. Medicaid would normally pay for the services rendered to these babies, after Neo-natology Associates had complied with the many requirements for filing claims. But, in these five cases, computer problems with the RPICC Data System operated by the Department of Pediatrics at the University of Florida prevented Neonatology Associates’ claims from being electronically submitted to Medicaid’s fiscal agent, Consultec, and later, Unisys, within one year of the date of the services. See Fla. Admin. Code R. 59G-5.090. Claims filed beyond this twelve-month period are not payable unless they fall within the specific exceptions found in Florida Administrative Code Rule 59G-5.100. None of Neonatology Associates’ claims in this case come within those exceptions.
There is no competent, substantial evidence that Medicaid’s fiscal agent caused any of the computer errors. Further, we are not authorized to create an exception to the Agency’s twelve-month filing rule for these computer errors. While recognizing the unfairness of the result, our limited standard of review compels us to conclude that there is competent, substantial evidence to support the Agency’s decision, and the Agency’s interpretation of its rules is not clearly erroneous. See § 120.68(8), .68(9), Fla. Stat. (1995); Department of Health & Rehabilitative Servs., v. A.S., 648 So.2d 128 (Fla.1995). Accordingly, we affirm the Agency’s order.
Affirmed.
PARKER, C.J., and ALTENBERND and NORTHCUTT, JJ., concur.